IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES KANAE, | ) | CIV. NO. 07-00330 HG-BMK |
| | ) | |
| Plaintiff , | ) | FINDING AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND BE DENIED |
| STONEY SAMSON, ROAD | ) | |
| BUILDERS CORPORATION; | ) | |
| STEVE WHITE; RACHAEL | ) | |
| WIDEMANN; SEVERINO C. | ) | |
| AGBAYANI; JADE | ) | |
| RICHARDSON; | ) | |
| UNION OPERATING | ) | |
| ENGINEERS, LOCAL 3; ALAN | ) | |
| PARKER; EUGENE "GINO" | ) | |
| SOQUENA; DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
<u>REMAND BE DENIED</u>

Before the Court is the motion of Plaintiff James Kanae ("Kanae") to

remand this case to state court.  This motion was heard on September 14, 2007.

After careful consideration of the motion, the supporting and opposing

memoranda, and the arguments of counsel, the Court hereby FINDS and

RECOMMENDS that Kanae's motion to remand be DENIED.

BACKGROUND

Kanae filed a complaint in the Circuit Court of the First Circuit, State of Hawaii on February 14, 2007.  This complaint named Defendants Stoney Samson ("Samson"), Road Builders Corporation ("RBC"), Steve White ("White"), Rachael Widemann ("Widemann"), Severino C. Agbayani ("Agbayani"), Jade Richardson ("Richardson"), Union Operating Engineers, Local 3 ("the Union"), Alan Parker ("Parker"), and Eugene "Gino" Soquena ("Soquena") (collectively, "Defendants").  Kanae alleges that he was head-butted by his supervisor Samson while employed by RBC, that he was fired as a result of reporting this head butt to the police, and that the Union failed to challenge this termination on Kanae's behalf.

On July 16, 2007, Defendants RBC, Wideman, Abayani, and Richardson ("the RBC Defendants") removed this action to federal court.  Kanae now moves for remand.

RELEVANT LAW

When a case over which a federal district court has original subject matter jurisdiction is filed in state court, the defendants may remove it to federal court.  28 U.S.C. § 1441(b).  Where removal is not proper, the case must be remanded to state court.  See 28 U.S.C. § 1447(c) (2000).  The removal statue is

2

strictly construed in favor of remand and there is a "strong presumption against

removal."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The defendant

"always has the burden of establishing that removal is proper."  Id.

### DISCUSSION

The RBC Defendants contend that this action has been properly

removed because this court has original jurisdiction over the controversy under

Section 301 of the Labor Management Relations Act ("LMRA"),  29 U.S.C. § 185

(2000).  The LMRA provides that "[s]uits for violation of contracts between an

employer and a labor organization . . . may be brought in any district Court of the

United States having jurisdiction of the parties."  29 U.S.C. § 185.  The Supreme

Court has deemed that "the pre-emptive force of § 301 is so powerful as to displace

entirely any state cause of action for 'violation of contracts between an employer

and a labor organization.'"  Franchise Tax Board v. Construction Laborers

Vacation Trust, 463 U.S. 1, 23 (1983).  The result of this complete pre-emption is

that "any claim purportedly based on that pre-empted state law is considered, from

its inception, a federal claim, and therefore arises under federal law."  Caterpillar

Inc. v. Williams, 482 U.S. 386, 393 (1987).

Here, Kanae's employment with RBC was governed by a collective

bargaining agreement between the Union and RBC.  This agreement provides,

among other things, that "no employee shall be discharged without just cause." (RBC Defs.' Mem. Opp., Ex. A).  While Kanae alleges a variety of claims, the heart of his complaint is that he was discharged without cause.  The Court therefore FINDS that Kanae's state law breach of contract claims against the RBC Defendants are completely pre-empted by § 301 of the LMRA, and that these claims therefore arise under federal law.

Kanae argues that just as in <u>Caterpillar</u>, § 301 does not apply because he has not alleged a violation of the union contract.  In <u>Caterpillar</u>, however, the plaintiffs claimed that additional agreements existed between the employees and the employer that were separate and apart from the collective bargaining agreement.  They did not assert any harms covered by that particular collective bargaining agreement.  Such is not the case here, however, where Kanae asserts that he was discharged without cause.  (<u>See</u> Complaint, Counts 6 and 7.)  Moreover, nowhere does Kanae allege that RBC entered into an individual employment contract with him, as was the case in <u>Caterpillar</u>.

Accordingly, the Court RECOMMENDS that Kanae's motion for remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 24, 2007

Kanae v. Samson, FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE DENIED; Civ. No. 07-00330 HG-BMK